IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHAD HANSEN,

                               Plaintiff,                                OPINION & ORDER

      v.

                                                          14-cv-245-jdp

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                            Defendant.

---

Plaintiff Chad Hansen sought judicial review of a final decision of the Commissioner of Social Security finding him not disabled within the meaning of the Social Security Act. The Commissioner has identified material inconsistencies in the ALJ's decision and has moved to remand the case for further proceedings. I will grant the motion.

But first a few words about how we got here. Plaintiff moved for summary judgment. The Commissioner sought a 30-day extension of the response deadline citing workload issues. The court routinely grants such requests from the Commissioner, with the proviso that only one such extension will be granted. But on the extended deadline, the Commissioner did not file a summary judgment response. Instead, she filed a notice that she was unable to meet the deadline, acknowledging that the failure to meet the deadline might result in a remand of the case. Dkt. 18. Plaintiff then filed a motion for judgment as a matter of law. Dkt. 19. Shortly thereafter, the Commissioner filed the motion to remand. Dkt. 20. The Commissioner's motion succinctly laid out the errors in the ALJ's decision and articulated the instructions that would be provided to the ALJ on remand.

Although the Commissioner's motion came four days after the deadline for the summary judgment response, it is hard to fault the Commissioner when she has so forthrightly acknowledged the problems with the ALJ's original decision. The Commissioner has spared the

court the considerable effort that would have been devoted to deciding plaintiff's motion for summary judgment.

The Commissioner has offered plaintiff exactly the relief he requested: remand to the agency to correct its errors. But plaintiff is not quite satisfied, and he declined to join the Commissioner's generous motion for remand. Plaintiff apparently wants this court to order the Appeals Council to either award benefits or remand the case to an ALJ for further proceedings. The Commissioner, through the agency's assistant regional counsel, contends that she does not have the authority to so limit the decision-making of the Appeals Council, which acts as for the Commissioner after remand from federal court. 20 C.F.R. § 404.983. The Commissioner reports that plaintiff's counsel does not trust the Appeals Council to make good on the promises of agency attorneys to correct the errors in plaintiff's case.

It would have been simpler to deal with this as a joint motion, but I will not let plaintiff's counsel impede his client's victory. I will grant the Commissioner's motion and remand this case for the further proceedings proposed in the Commissioner's motion.

## ORDER

IT IS ORDERED that:

1. Plaintiff's motion for summary judgment, Dkt. 13, is DENIED as moot.

2. Plaintiff's motion for judgment as a matter of law, Dkt. 19, is DENIED as moot.

3. Defendant's motion to remand, Dkt. 20, is GRANTED. The decision of the Commissioner denying plaintiff's application for disability benefits is REVERSED and REMANDED.

4. Plaintiff may submit a request for fees.

5.  The clerk of court is directed to enter judgment for plaintiff and close this case.

Entered this 20th day of November, 2014.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge