IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CHAD HANSEN,

        Plaintiff,

v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

        Defendant.

ORDER

14-cv-245-jdp

---

    Pursuant to the Commissioner's motion to remand, Dkt. 20, the court reversed the Commissioner's decision denying plaintiff Chad Hansen's application for disability insurance benefits and remanded the case for further proceedings. Dkt. 21. Hansen's attorney, Dana Duncan, did not at that point move for an award of fees under the Equal Access to Justice Act. On remand, the Commissioner awarded Hansen $52,297.00 in past-due benefits.

    Now Duncan moves the court for a representative fee award of $13,074.25, pursuant to 42 U.S.C. § 406(b). Dkt. 23. Duncan seeks 25 percent of Hansen's past-due benefits award, pursuant to the contingency fee agreement between Duncan and Hansen. Dkt. 23-1, at 1. The Commissioner does not oppose the motion, Dkt. 26, but the court will deny the requested fees and award Duncan a lesser amount.

    The court has repeatedly warned Duncan that under 42 U.S.C. § 406(b), the court will award fees only for the *attorney's* work before *this* court. *See Westlund v. Colvin*, No. 15-cv-450 (W.D. Wis. June 1, 2017); *Heise v. Colvin*, No. 14-cv-739 (W.D. Wis. Dec. 15, 2016). And the court warned Duncan that he would risk denial of future fee requests if he continued to brief

his § 406(b) motions as though the court could consider both his work in the administrative portion of the case and his firm's non-attorney work.

Duncan has it wrong yet again. First, he tells the court to consider the reasonableness of the requested fee award in light of the time he and his staff expended on remand. Dkt. 24, at 10 ("Accounting for all time administratively, the effective rate is $206.69 per hour."). Then he says that the court alternatively could consider the reasonableness of the fee award in light of the time that everyone expended at all levels of review. *Id*. at 13 ("Another method of calculating fees is to consider all fees and time, specifically time from both the Federal and Administrative aspects of the award."). Duncan misrepresents this court's past practice: he states that "[t]his method of calculation"—meaning his suggestion that the court consider all fees and all time—"was used in *Stemper v. Astrue*," No. 04-cv-838, 2008 WL 2810589 (W.D. Wis. July 14, 2008). Dkt. 24, at 13. But the court did no such thing in *Stemper*. Rather, the court explicitly recognized that it could not "consider the hours that Duncan spent in the administrative proceedings in determining the reasonableness of the award." *Stemper*, 2008 WL 2810589, at *1.

Nowhere in his motion does Duncan simply lay out what the court needs most: the equivalent hourly rate for his work before this court, which would be $802 per hour ($13,074.25 for 16.3 hours of attorney time). *See* Dkt. 23-4. Such an equivalent hourly rate is not per se unreasonable. District courts across the country have awarded representative fees that reflect varying hourly rates, including $446, $625, $636, and even as high as $1,500. *Koester v. Astrue*, 482 F. Supp. 2d 1078, 1083 (E.D. Wis. 2007) (collecting cases). But when the contingent fee agreement would yield an unreasonable windfall, courts have reduced the award under § 406(b) to an appropriate rate above the lodestar rate. *See, e.g.*, *Schimpf v. Astrue*,

No. 06-cv-18, 2008 WL 4614658 (N.D. Ind. Oct. 16, 2008) (awarding a fee at a reduced hourly rate of $583.50); *Hodges-Williams v. Barnhart*, 400 F. Supp. 2d 1093, 1099-100 (N.D. Ill. 2005) (awarding a fee at a reduced hourly rate of $350).

Duncan's equivalent hourly rate of $802 is on the high end of rates that courts have awarded, so it warrants careful review for reasonableness. Duncan spends a significant part of his brief trying to show that he is a highly qualified disability rights attorney, and that his non-contingent hourly rate is $400. Duncan is certainly very experienced, and despite sloppy work in this court, some would consider him well qualified. But his contention that his ordinary, non-contingent hourly rate is $400 is very weakly supported.[1] Actually, based on Duncan's statements about his expert work in divorce proceedings—the only actual non-contingent rate he cites—his non-contingent rate is actually $250 per hour. Dkt. 24, at 12. Duncan makes almost no effort to show that something about Hansen's case warrants compensation at a high equivalent hourly rate.

The court's review of Duncan's work and his own billing entries in this case does not allay the court's concerns. Duncan reported 1.2 hours drafting Part A of the argument section of the brief. But that part is a one-paragraph statement of the standard of review, which Duncan must have included in dozens of cases, so it should not have taken even close to an hour. Duncan says he spent 4.0 hours drafting Part B of the argument section, followed by 4.9 hours of rewriting that section and further editing of the brief. Although the court would not ordinarily quibble with spending 8.9 hours working on the argument section of the brief, the

---

[1] I note, for example, that he states that "[a]s part of the EAJA motion and award in this case, affidavits of Fred Daly and Barry Schultz were submitted. Mr. Daly indicated that his non-contingent hourly rate was $500 per hour." Dkt. 24, at 11. But there was no EAJA motion in this case, and no affidavits from Daly and Schultz were submitted.

brief raised only a single issue regarding the ALJ's failure to properly evaluate the effect of Hansen's drug and alcohol issues on his underlying disability. This, too, is an issue that Duncan must have addressed many times before. In several spots where Hansen's name should be, the placeholder "&" remains. *See, e.g.*, Dkt. 14, at 17 ("There is no medical evidence that the condition impacted &'s chronic pain or fibromyalgia."). The use of the "&" placeholder suggests that significant parts of the argument section were indeed cut-and-pasted from previous work by Duncan. And the fact that the "&" placeholders remain in the brief as filed raise doubts that the brief got any significant editing after it was drafted. The bottom line is that Duncan's work on this case in this court appears to be quite routine, and it does not warrant the extraordinary contingency premium that Duncan seeks. The representative fee requested by Duncan is unreasonable.

Duncan has resolutely ignored the court's instructions by repeatedly justifying representative fee awards under § 406(b) on the basis of work by non-attorneys and work in tribunals other than this court. Duncan has made no non-frivolous argument in support of his requested fees, and his prolix motion is a waste of court resources. The court will nevertheless award Duncan $4,075, which is $250 per hour for the 16.3 hours he spent on the case in this court. This is more than Duncan would have received under the EAJA, so it reflects a small contingency premium. Should Duncan take this approach again in seeking fees under § 406(b), he can expect a similar result.

ORDER

IT IS ORDERED that plaintiff Chad Hansen's attorney's unopposed motion for attorney fees pursuant to 42 U.S.C. § 406(b), Dkt. 23, is DENIED, and he is awarded fees in the amount of $4,075.

Entered August 1, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge